UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



STEVEN KLEINBART; SARAH KLEINBART,

           Plaintiffs,

-against-

NEW YORK CITY, *et al.*,

           Defendants.

21-CV-3190 (VB)

TRANSFER ORDER

VINCENT L. BRICCETTI, United States District Judge:

    Plaintiffs Steven Kleinbart and Sarah Kleinbart, appearing pro se, invoke the Court's federal question jurisdiction, alleging that defendants violated their rights under federal and state law. Plaintiffs bring claims on their own behalf and on behalf of their minor child, H.K.[1] Named as defendants are the City of New York, the New York City Administration for Children's Services ("ACS"), ACS officials and employees, Kings County Family Court Judge Ben Darvil, Jr., and several private parties. In addition to the complaint, plaintiffs also file a motion for a temporary restraining order. (See Doc. #1 at ECF 101-07).[2]

    For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

---

[1] Under Rule 5.2(a)(3) of the Federal Rules of Civil Procedure, when a litigant's submission refers to the name of a minor child, it must do so by mentioning only the minor child's initials. Plaintiffs' complaint, however, mentions the full name of their minor child in its caption and text. The Court has directed the Clerk of Court to alter the caption of the docket of this action so that child's name is listed using the child's initials. In addition, in an abundance of caution, the Court has directed the Clerk of Court to limit electronic access to the complaint to a "case participant-only" basis.

[2] "ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing System.

1

## DISCUSSION

Under the general venue provision, a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. See 28 U.S.C. § 1391(c)(1), (2).

Plaintiffs filed this complaint asserting a wide array of claims regarding an alleged conspiracy to remove their minor child from their custody and to falsely diagnose plaintiff Sarah Kleinbart with a mental illness. Plaintiffs allege that they have been discriminated against because they are Orthodox Jews, and that their familial and religious rights have been violated. They also allege that their daughter has been subjected to abuse and neglect by ACS and their daughter's foster family.

While plaintiffs currently reside in Rockland County, New York, they previously resided in Brooklyn, New York. Most of the events described in the complaint appear to have occurred in Brooklyn, including the determination by ACS and the Kings County Family Court that plaintiffs' child should be removed from their custody. The complaint alleges that defendant Amanda G. Katz, an ACS employee, works at ACS's Brooklyn office. Defendant OHEL Children's Home and Family Services is located in Brooklyn, and defendant Malkie Bobker, an OHEL caseworker, works in Brooklyn. Plaintiffs also allege that defendants David Steinberg

and Jennifer Steinberg reside in Brooklyn and Toms River, New Jersey. Defendant Judge Ben Darvil, Jr., though immune from suit, sits on the Kings County Family Court.[3]

Even if venue were proper here, however, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. See Bank of Am., N.A. v. Wilmington Trust FSB, 943 F. Supp. 2d 417, 426-427 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established."); see also Lead Indus. Ass'n. Inc. v. OSHA., 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer sua sponte").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative

---

[3] Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. Mireles v. Waco, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." Bliven v. Hunt, 579 F.3d 204, 210 (2d Cir. 2009). In addition, as amended in 1996, § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

3

means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where plaintiff does not reside in the chosen forum and the operative events did not occur there. See *Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under § 1404(a), transfer appears to be appropriate in this case. The major underlying events, including the hearings and other proceedings related to plaintiffs' custody of their daughter, occurred in Brooklyn, New York, where plaintiffs formerly lived and where most of the defendants appear to reside or work. Brooklyn is located in Kings County, which falls within the Eastern District of New York. See 28 U.S.C. § 112(c). Venue is therefore proper in the Eastern District of New York. See 28 U.S.C. § 1391(b). Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. The Clerk of Court is further directed to mail a copy of this

order to plaintiffs and note service on the docket. A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Dated: April 20, 2021
       White Plains, New York

SO ORDERED:

_____
VINCENT L. BRICCETTI
United States District Judge