```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

  STEVEN KLEINBART and SARAH KLEINBART,

                     Plaintiffs,           MEMORANDUM & ORDER
                                           21-CV-2169(EK)(LB)
               -against-

  NEW YORK CITY et al.,

                     Defendants.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

        The Court has received Magistrate Judge Bloom's Report and Recommendation (R&R) dated June 8, 2022.  ECF No. 72.  Judge Bloom recommends that Defendants' motion to dismiss Plaintiffs' 138-page Amended Complaint for lack of subject-matter jurisdiction.  Plaintiffs timely objected.  Pls.' Objs., ECF No. 74.  The City of New York and three other Defendants have replied.  ECF No. 75.

        A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  The district court reviews de novo those portions of an R&R to which a party has specifically objected.  *Id.*; Fed. R. Civ. P. 72(b)(3); *see also Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) ("A proper objection is one that identifies the specific portions of the R&R that the objector asserts are

erroneous and provides a basis for this assertion."), *aff'd*, 578 F. App'x 51 (2d Cir. 2014).[1]

Having conducted a *de novo* review of the R&R, I adopt it in its entirety, with the exception of the discussion of the *Rooker-Feldman* doctrine, judicial immunity, and whether Plaintiffs have failed to state a claim, which I need not reach given my resolution of the case.

Judge Bloom recommends that the Amended Complaint be dismissed under *Younger* abstention and the domestic relations exception. R&R 7-13. Plaintiffs' only response to the application of these doctrines is that the Family Court judge who issued the Family Court issues in this case did so without any "substantive proof," thus depriving Plaintiffs of "substantive and procedural Due Process." Pls.' Objs. 12-13. However, *Younger* abstention and the domestic relations exception both deprive this Court of subject-matter jurisdiction. *See Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 90 (2d Cir. 2004) ("[A] district court's determination not to abstain under *Younger* . . . implicates the court's subject matter jurisdiction."); *Kneitel v. Palos*, No. 15-CV-2577, 2015 WL 3607570, at *4 (E.D.N.Y. June 8, 2015) ("Plaintiff asserts

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

2

claims concerning domestic relations . . . . Federal courts generally lack subject matter jurisdiction over such claims."). Thus, the Court cannot consider the merits of Plaintiffs' claims. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (a federal district court may entertain a lawsuit only when it has both the "statutory [and] constitutional power to adjudicate it").

Because the case must be dismissed for lack of subject-matter jurisdiction under *Younger* abstention and the domestic relations exception, I need not reach the *Rooker-Feldman* or judicial immunity issues, or decide whether Plaintiffs have failed to state a claim.[2]

Thus, having conducted a *de novo* review of the R&R, I adopt it in its entirety, with exceptions as noted above. Plaintiffs' Amended Complaint is dismissed for lack of subject-matter jurisdiction. The Clerk of Court is directed to enter judgment, to close this case, and to mail a copy of this

---

[2] Plaintiffs' request to strike Defendants' response memoranda, *see* Letter dated August 8, 2022, ECF No. 78, is denied, as Plaintiffs have not articulated a valid basis for such a request.

Memorandum & Order to Plaintiffs and to note the mailing on the docket.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:   September 30, 2022
         Brooklyn, New York

4